■ JAMES B. ENGLE et al., Respondents, v. BRIAN GREGOROWICZ, Individually and Doing Business under the Name of GREGORY ENGINEERING Co., et al., Defendants, and OTTO R. EGGERS et al., Individually and as Copartners Doing Business under the Name of EGGERS AND HIGGINS, Appellants.— Appeal by defendants Eggers and Higgins from an order of the Supreme Court, Schenectady County Special Term which denied a motion for an order directing plaintiffs to furnish a further bill of particulars. The action is one in negligence. Plaintiffs were employees of the New York State Thruway Authority, and were injured as the result of an explosion when they entered a pump house used in connection with a restaurant and gas station in a service area of the Thruway. The complaint alleges at length, and in considerable detail, that appellants were negligent in designing, operating and supervising a sewage treatment plant of which the pump house uses a part, and in permitting gas to accumulate so as to make an explosion possible. The Special Term was of the opinion that plaintiffs had sufficiently complied with appellants' demand for a bill of particulars, We agree with this determination. Order unanimously affirmed, with $25 costs. Present — Foster, P. J. Bergan, Coon, Halpern and Gibson, JJ.

■ ROYAL SAULPAUGH et al., Copartners Doing Business under the Name of V. & R. SAULPAUGH, Respondents, v. CHISHOLM-RYDER COMPANY, INCORPORATED, Appellant.— Appeal from an order of a Special Term of the Supreme Court, Albany County. Defendant leased an agricultural machine to plaintiffs described as a " mechanical snap bean harvester ". The contract of lease contained a warranty that the machine was " able to operate in a mechanically satisfactory manner ". In the cause of action based on breach which defendant moved to dismiss on the ground of insufficiency, it is pleaded that the machine leased to plaintiffs did not operate in a mechanically satisfactory manner, but broke and damaged the beans harvested by it ". The portion of the allegation stating that the machine did not operate in a mechanically satisfactory manner is a sufficient pleading of a conclusion of fact to sustain a breach of an express warranty. The words " but broke " are evidentiary and perhaps surplusage, and do not negate or weaken the sufficiency of the statement of breach in the words immediately preceding. The words " and damaged the beans harvested by it " are statements of damage and not of breach. They do not imply that defendant agreed to provide a machine that would not damage beans; but plead rather a mechanically unsatisfactory performance of the machine had this result. We think the Special Term was right in denying the motion to dismiss. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.

■ DIAMOND POINT LUMBER Co., INC., Respondent, v. SUNNYDALE ACRES, INC., Appellant.— Motion to dismiss appeal granted, by default, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.